

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 16, 1958

Hon. Penn Jackson                          Opinion No. WW-339
State Board of Insurance
International Life Building        Re:  Whether a different rate of
Austin, Texas                           gross premiums charged male
                                        and female risks of the same
                                        age on the same type of policy
                                        violates Article 21.21, Texas
Dear Sir:                               Insurance Code.

          You have requested our opinion as to the proper construction
to be given Section 4(7) of Article 21.21 of the Texas Insurance Code.
We quote from your letter as follows:

          "Article 21.21, Section 4(7), Texas Insurance Code,
     prohibits unfair discrimination in issuing insurance poli-
     cies within this State.  We respectfully request your opin-
     ion as to whether a rate differential and a gross premium
     charged male and female risks as described above, is con-
     trary to the provisions of Article 21.21?"

          Article 21.21 of the Texas Insurance Code as amended, Acts,
1957, page 401, chapter 198, prohibits "Unfair Methods of Competition
and Unfair or Deceptive Acts or Practices" in the business of insur-
ance.  One of the prohibited acts is "Unfair Discrimination" which is
defined in Section 4(7) as follows:

          "Making or permitting any <u>unfair discrimination</u> be-
     tween individuals of the same class and equal expectation
     of life in the rates charged for any contract of life in-
     surance or of life annuity or in the dividends or other
     benefits payable thereon, or in any other of the terms
     and conditions of such contract;"

          The State Board of Insurance is given power to determine,
after hearing, whether such prohibited acts have occurred and to is-
sue cease and desist orders in connection therewith (Sections 5, 6 and
7 of Article 21.21).

          This article places the burden of fact finding upon the Board
and it is for the Board to determine whether a violation has occurred.

          In determining whether unfair discrimination has occurred,
the Board must determine whether the individuals in question are of the

same class and whether the individuals are of equal expectation of life. If these questions are determined in the affirmative, the Board must then decide whether the discrimination in rates is unfair. The key is "unfair discrimination", and this is a factual test within the scope of determination by the Board.

## SUMMARY

Under Article 21.21, Section 4(7) of the Insurance Code of Texas, it is within the determination of the State Board of Insurance whether or not a particular fact situation involves unfair discrimination in the gross premiums charged male and female risks of the same age on the same type of policy.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Richard A. Wells
Richard A. Wells
Assistant

RAW:lm

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. C. Davis
John Reeves
John Webster
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert